**KIRT J. HOPSON**
**Attorney at Law**
**9844 South Paramount Boulevard**
**Downey, California 90240-3874**
**(562) 861-6313**
**State Bar No. 111091**
**E-mail: kjhlawoffice@hotmail.com**

Attorney for Claimant
BLANCA IRENE CARDOZA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>-vs-<br><br>ONE 2006 NISSAN ARMADA SUV, CA LICENSE NO. 5RQF180, VIN 5N1AA08A76N717100, ITS TOOLS AND APPURTENANCES,<br><br>Defendant.<br>______________________________<br><br>BLANCA IRENE CARDOZA,<br><br>Claimant.<br>______________________________ | Case No. 08-CV-0468-JLS(POR)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION TO DISMISS THE COMPLAINT FOR FORFEITURE, OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT** |

Claimant BLANCA IRENE CARDOZA ("Claimant") hereby submits this Memorandum of Points and Authorities in support of her motion to dismiss the Complaint for Forfeiture based on its failure to state a claim upon which relief can be granted, or, in the alternative, for summary judgment.

/// /// ///

/// /// ///

## MEMORANDUM OF POINTS AND AUTHORITIES

## I

## INTRODUCTION

Plaintiff UNITED STATES OF AMERICA has filed a Complaint for Forfeiture, alleging that a 2006 Nissan Armada sports utility vehicle (SUV) was intended to be furnished by Benito Tapia and Richard Hernandez, in exchange for methamphetamine, to a "cooperating subject", and an undercover agent of the Drug Enforcement Administration. [See, Complaint for Forfeiture at page 3, lines 1 through 11]

The vehicle is registered to Claimant. [See, id. at page 3, line 5; see also, Declaration of Blanca Irene Cardoza at page 2, paragraph 6] Claimant is the mother of Richard Hernandez. [See, Complaint for Forfeiture at page 3, line 6; see also, Declaration of Blanca Irene Cardoza at page 2, paragraph 11]

On October 30, 2007, Richard Hernandez was arrested while in possession of the Defendant vehicle. [See, Complaint for Forfeiture at page 3, lines 4-5, and, 10-11] At that time, Claimant had not given Richard Hernandez permission to use the Defendant vehicle. [See, Declaration of Blanca Irene Cardoza at page 3, paragraph 14] Claimant had given no one permission to use the Defendant Vehicle. [See, id. at page 3, paragraph 21] Claimant had no knowledge that either her son Richard Hernandez, or her husband Jaime Valdez, was engaged in any illegal conduct involving drugs. [See, id. at page 3, paragraphs 15 & 19]

/// /// ///

When Claimant spoke to Richard Hernandez on October 30, 2007, she did not know who he was with or where he was going. [See, id. at page 3, paragraph 17]

The Defendant vehicle is valued at $25,470. [See, Complaint for Forfeiture at page 4, line 5]

## II

## STATUTORY GROUNDS FOR MOTION

A party may assert the defense that the complaint fails to "state a claim upon which relief can be granted" in a motion filed prior to its responsive pleading. [Federal Rules of Civil Procedure, Rule 12, subsection (b)(6)]

If any matter outside the pleadings is presented to, and is not excluded by, the district court, the motion must be treated as one for summary judgment. [Id. at subsection (d)]

The court must accept the complaint's allegations as true. [Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998)]

## III

## CLAIMANT MAY MOVE TO DISMISS THE COMPLAINT ON THE GROUNDS THAT A FORFEITURE IS AN EXCESSIVE FINE

### A. CLAIMANT HAS STANDING TO CONTEST THE FORFEITURE

"Owners have standing to challenge forfeitures of their property ... and can raise Eighth Amendment challenges to such forfeitures." [United States v. $100,348.00 in U.S. Currency, 354 F.3d 1110, 1119 (9th Cir. 2004) (citations omitted)]

/// /// ///

A claimant's burden to show Article II standing "is not a heavy one; the claimant need demonstrate only a colorable interest in the property, for example, by showing actual possession, control, title, or financial stake." [United States v. Real Property Located at 5208 Los Franciscos Way, etc., 385 F.3d 1187, 1191 (9th Cir. 2004)]

"Ownership interest is determined under the law of the state in which the interest arose ... ." [Id.]

Thus, state law determines "the 'existence and extent' of a claimant's property interest." [United States v. $100,348.00 in U.S. Currency, supra, 354 F.3d at 1119]

Claimant is the person registered by the Department of Motor Vehicles as the owner of the Defendant vehicle; thus, under California law, she is the registered owner. [Vehicle Code section 505] She is also the owner of the Defendant vehicle, since she had "all the incidents of ownership, including the legal title" of the Defendant vehicle. [Vehicle Code section 460]

In any event, the "owner" of a motor vehicle, under California law, is the person "in whom title is vested either as legal owner or registered owner." [Martin v. State Farm Mutual Automobile Insurance Company, 200 Cal.App.2d 459, 469 (App. 4 Dist. 1962)]

Therefore, Claimant has standing to challenge this forfeiture, including as an excessive fine under the Eighth Amendment.

**B. A FORFEITURE MAY BE FOUND TO BE AN UNCONSTITUTIONALLY EXCESSIVE FINE**

"[E]xcessive fines" may not be imposed by the United States. [See, United States Constitution, Amendment VIII]

A forfeiture of property may be found to be an excessive fine, within the meaning of the Eighth Amendment, if it is "punitive", even if only in part. [See, United States v. Bajakajian, 524 U.S. 321, 328-329 (1998)]

A forfeiture under section 881(a)(4) of Title 21 of the United States Code is subject to the limitations of the Eighth Amendment. [See, Austin v. United States, 509 U.S. 602, 622 (1993)]

A forfeiture is excessive if it is "grossly disproportional to the gravity of a defendant's offense." [Id. at 334; see also, 18 United States Code section 983, subsection (g)]

In its examination, the district court need not consider "any rigid set of factors." [United States v. Mackby, 339 F.3d 1013, 1017 (9th Cir. 2003)]

However, the court might consider such circumstances as: the nature and the extent of the claimant's individual conduct in relation to the offense which is being used to justify the forfeiture; whether the claimant has been charged with any related criminal activity; the range of other penalties that may be imposed for that offense; and, the extent of the actual harm that was caused by claimant's conduct. [See, [United States v. $100,348.00 in U.S. Currency, supra, 354 F.3d at 1122]

**C. A FORFEITURE OF CLAIMANT'S VEHICLE WOULD CONSTITUTE AN EXCESSIVE FINE**

The total forfeiture of the Defendant vehicle would be grossly disproportionate to Claimant's culpability for the following reasons:

1. Claimant was at most negligent in allowing the Defendant vehicle to be used by Richard Hernandez (although Claimant does not in any way concede that her actions were in fact negligent under the circumstances), since she did not have any actual or constructive knowledge that the Defendant vehicle was intended to be used as the purchase price for a illegal drug transaction by Richard Hernandez;

2. Claimant was not involved, directly or indirectly, in any illegal activity, and, certainly, Claimant has not been charged with any illegal activity by either local, state, or, federal, authorities; and,

3. The harm caused by the illegal activity, even as alleged by Plaintiff UNITED STATES OF AMERICA in the Complaint, was minor, since the transaction involving the Defendant vehicle was never completed, no prior drug transaction had been completed by Richard Hernandez or Benito Tapia, and, there was no real "effect on the community". [See, United States v. One Residential Property, etc., 534 F.Supp.2d 1163, 1168 (S.D. Cal. 2008)(extent of harm should be based on contraband actually possessed, not on any theoretical or potential harm)].

/// /// ///

Any forfeiture of the Defendant vehicle should be reduced as necessary to avoid a violation of the Eighth Amendment. [See, 18 United States Code section 983, subsection (g)(4), and, Von Hofe v. United States, 492 F.3d 175 (2nd Cir. 2007)]

**IV**

**CLAIMANT MAY MOVE TO DISMISS THE COMPLAINT ON THE GROUNDS THAT SHE IS AN INNOCENT OWNER**

An innocent owner's interest in property may not be forfeited. [18 United States Code section 983, subsection (d)(1)]

An "innocent owner" includes a person who did not "know of the conduct giving rise to forfeiture[.]" [Id. at subsection (d)(2)(A)]

An owner is a person with an ownership interest in the property to be forfeited. [Id. at subsection (d)(6)]

A claimant may move to dismiss a forfeiture action on the grounds that it fails to state a claim. [See, United States v. One Sentinel Arms Striker-12 Shotgun, etc., 416 F.3d 977, 979 (9th Cir. 2005)]

There is no evidence of a high probability that Claimant knew about any illegal activities involving her son, Richard Hernandez. Nor is there any evidence of knowledge of any facts on the part of Claimant that put her "on notice that [she] should inquire further." [See, United States v. Real Property Located at 10936 Oak Run Circle, 9 F.3d 74, 76 (9th Cir. 1993)]

Rather, Claimant has denied any such knowledge. There are only invalid inferences of Claimant's knowledge in the Complaint for Forfeiture, and, these are based entirely on hearsay statements made by Benito Tapia. [See, Complaint for Forfeiture at page 3, lines 12-18]

Thus, Claimant has shown by a preponderance of evidence that she is an innocent owner within the terms of section 983.

## V

## CONCLUSION

Based on the above, Claimant respectfully requests that her motion be granted, and, that the Complaint for Forfeiture be dismissed; in the alternative, Claimant requests that a judgment of forfeiture be granted only to the extent that it is not unconstitutionally excessive in light of all of the existing circumstances.

Date: May 6, 2008

**s/KIRT J. HOPSON**
**Attorney for Claimant**
**BLANCA IRENE CARDOZA**
**kjhlawoffice@hotmail.com**